## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

CHARLES SMITH, JR.                                              PETITIONER

v.                                                    No. 1:17CV184-GHD-DAS

MR. RONALD KING, ET AL.                                       RESPONDENTS

### Consolidated With

CHARLES SMITH, JR.                                             PETITIONER

v.                                                    No. 1:19CV117-GHD-DAS

RONALD KING, ET AL.                                          RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Charles Smith, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56.

Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

### Facts and Procedural Posture

Petitioner Charles Smith, Jr. is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Mississippi State Penitentiary. He was convicted for murder and sentenced as a habitual offender under Miss. Code Ann. § 99-19-83 to life without parole in the custody of the Mississippi Department of Corrections. State Court Record ("SCR"), Cause No. 2015-KA-00812-COA, Vol. 2, p. 151, 153-54.

Mr. Smith appealed his murder conviction and resulting sentence to the Mississippi Court of Appeals, raising the following issue, through counsel:

**Issue One:**    The trial court erred in failing to properly notify Smith of the significant risks he faced in representing himself.

The Mississippi Court of Appeals affirmed the judgment of the circuit court. *Smith v. State*, 221 So.

-2-

3d 1050 (Miss. Ct. App. 2016), *reh'g denied* April 4, 2017, *cert. denied* June 8, 2017. He did not file a petition for *certiorari* in the United States Supreme Court. ECF doc. 1.

Mr. Smith then filed an application for leave to proceed in the trial court in Mississippi Supreme Court Cause No. 2017-M-01108. SCR, Cause No. 2017-M-01108. In his application, he raised the following claims, *pro se,* which the court has renumbered and summarized for the sake of clarity:

**Issue One**:    Smith received ineffective assistance of counsel based on the following assignments of error:

    **A.**    Trial counsel failed to contest the constitutionality of Smith's confession.

    **B.**    Trial counsel failed to properly investigate and call the following witnesses to testify at trial:

        **1.**    The potential witnesses listed on the police's witness list, including: Minne Booker, Ruebin Jernigan, Loretta Riles, Danny Banks, John Herman, Darmeteus Lyons, Willie McCotry, Doris Brown, and Richard Petty.

        **2.**    The witnesses who knew Vanessa Beal was retaliating against him.

        **3.**    Jackie Tillman, Beals' neighbor.

    **C.**    Trial counsel failed to object to the State offering the bloody clothes into evidence even though counsel had filed a motion to suppress such clothes which he did not pursue.

    **D.**    Trial counsel failed to testify that he knew Beals was retaliating against Smith because counsel previously had served as a city judge and presided over a case involving Beals and Millie Hoskins.

    **E.**    Appellate counsel only raised one issue on direct appeal rather than all of the issues argued in the motion for judgment notwithstanding the verdict (JNOV), or, in the alternative, for a new trial.

    **F.**    Trial counsel failed to inform Smith that he could testify at his sentencing hearing and call character witnesses on his behalf.

**G.**    Trial counsel failed to show that Smith did not have scars on his hands.

**H.**    Trial counsel failed to have Smith present for a hearing on his motion for JNOV, or, in the alternative, for a new trial.

**Issue Two**:    Smith was illegally held in custody because an arrest warrant was never served upon him.

**Issue Three**:    Law enforcement confiscated the bloody clothes during an illegal search and seizure.

**Issue Four**:    Smith suffered a violation of his Due Process rights, including:

**A.**    Smith did not know he could testify at his sentencing hearing or call character witnesses on his behalf.

**B.**    The trial court erred by failing to hold a hearing on his motion for JNOV, or in the alternative, for a new trial so that his trial counsel could have Smith present for such hearing.

**C.**    The investigator failed to collect pieces of a broken bottle even though Smith claimed the victim had something shiny in his hand attempting to stab Smith.

**D.**    The investigator coerced Smith into speaking about the clothes that he had on the night of the stabbing by stating that he saw the clothes Smith had on from a video camera at the DHS Offices.

**E.**    The investigator failed to photograph Smith's hand.

**Issue Five**:    Biological evidence exists that needs to be tested, such as the hair and accelerant from the bloody clothes bag, which the investigator failed to have tested.

**Issue Six**:    Smith did not discover until after trial that trial counsel had filed a motion to suppress the bloody clothes which was not pursued, which constitutes newly discovered evidence.

**Issue Seven**:    The evidence was insufficient to support the verdict and the verdict was against the overwhelming weight of the evidence.

**Issue Eight**:    Cumulative errors of the court occurred.

On October 4, 2017, the Mississippi Supreme Court denied Smith's application, holding, in relevant

part:

> The panel finds that many of the claims raised in the petition could have been raised at
> trial and on direct appeal and are procedurally barred at this stage. Miss. Code Ann. §
> 99-39-21. The panel finds that the claims of ineffective assistance of counsel fail to
> meet the standard set out in *Strickland v. Washington.* The panel further finds that
> Smith's claims of newly discovered evidence are unsupported. The panel concludes
> that the claims raised in the petition are without merit and that the petition should be
> denied.

*See* Exhibit B; SCR, Cause No. 2017-M-01108.

Mr. Smith has filed the instant petition for a writ of *habeas corpus, see* ECF docs. 1 and 3, *pro*

*se,* raising the following grounds for relief (as summarized and renumbered by the court for the sake

of clarity):

**Ground One:**    Smith received ineffective assistance of counsel based on the
following assignments of error:

    **A.**    Trial counsel failed to investigate and call potential witnesses to testify
at trial, including:

        **1.**    The witnesses shown on the police report such
as "Ruebin Jernigan, Loretta Riles, and
Darmeteus Lyons."

        **2.**    Hostile witnesses Minnie Booker, April
Hunter, and Tomeka Rhines.

        **3.**    Millie Hoskins.

        **4.**    Jackie Tillman, Beal's neighbor.

        **5.**    Smith's two psychiatrists.

    **B.**    Trial counsel failed to inform Smith that he could have funds
given for a proper investigation.

    **C.**    Trial counsel failed to object to the State offering the bloody
clothes into evidence even though counsel had filed a motion
to suppress such clothes which counsel did not pursue.

    **D.**    Trial counsel failed to testify that he had served as a city judge and presided over a case involving Hoskins and Beals and knew Beals was retaliating against Smith by testifying at his murder trial.

    **E.**    Appellate counsel was ineffective because he only raised one (1) issue on direct appeal.

    **F.**    A conflict existed between Smith and his trial counsel regarding trial strategy.

    **G.**    Trial counsel failed to raise a speedy-trial claim.

**Ground Two:**    Newly discovered evidence exists because Smith discovered after trial that his trial counsel had filed a motion to suppress the bloody clothes but a suppression hearing was never conducted nor did trial counsel object to the State offering such clothes into evidence.

**Ground Three:**    Biological evidence exists that needs to be tested because the investigator failed to have the hair found in the bag of bloody clothes tested.

**Ground Four:**    The bloody clothes should not have been allowed to be offered into evidence because an illegal search and seizure occurred when law enforcement officers obtained the bloody clothes from Beal's alleged property without having a search warrant or consent from the true property owner.

**Ground Five:**    A violation of Smith's Due Process rights occurred, including:

    **A.**    The investigator failed to properly secure the crime scene.

    **B.**    The investigator failed to photograph a defense wound on Smith's hand which could have been offered into evidence to support Smith's case.

    **C.**    The investigator failed to have the hair and accelerant found in the bloody clothes bag tested.

    **D.**    The investigator lied to Smith saying he saw him on video camera at the DHS which coerced Smith into saying that he had changed clothes since the night of the stabbing.

**E.**     Trial counsel failed to object to the bloody clothes being offered into evidence by the State even though counsel had filed a motion to suppress such evidence which was not pursued.

**F.**     Trial counsel failed to provide an affidavit concerning Beals retaliating against him.

**G.**     Appellate counsel only raised one (1) issue on appeal.

**H.**     Smith was not informed that he could testify at his sentencing hearing.

**I.**     The investigator erred by showing Willie McCotry a highly suggestive photograph of Petitioner during an interview.

**Ground Six:**     The evidence was insufficient to support the verdict and the verdict was against the overwhelming weight of the evidence.

**Ground Seven:**     Smith was illegally held in custody because he was never served an arrest warrant.

**Ground Eight:**     Smith was prejudiced by the emotional response of the family members of the deceased in the audience when photographs of the deceased were shown at trial and a family member in the audience stood up and left the courtroom.

**Ground Nine:**     Smith's defense was prejudiced because he was forced to go to trial with an unwanted attorney.

### The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v.*

*Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, —— U.S. ——, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.*

**Cause and Prejudice – and Fundamental Miscarriage of Justice –
As Ways to Overcome Procedural Bar**

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he may overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

## Claims Procedurally Defaulted

In this case, the following grounds for relief set forth in Mr. Smith's federal *habeas corpus* petition were not raised before the state appellate court on direct appeal or on post-conviction review:

(1) One (A)(2) (Smith received ineffective assistance of counsel because his trial counsel failed to investigate and call as witnesses Hunter and Rhines);

(2) One(A)(5) (Smith received ineffective assistance of counsel because trial counsel failed to investigate and call Smith's two (2) psychiatrists to testify at trial);

(3) One (B) (Smith received ineffective assistance of counsel because his trial counsel failed to

- 9 -

inform Smith that he could have funds provided for a proper investigation);

(4) One (F) (Smith received ineffective assistance of counsel because a conflict existed between Smith and his trial counsel regarding trial strategy)[1];

(5) One (G) (Smith received ineffective assistance of counsel because his trial counsel failed to raise a speedy-trial claim);

(6) Five (A) (a violation of Smith's due-process rights occurred when the investigator failed to properly secure the crime scene);

(7) Five (C) (a violation of Smith's due-process rights occurred when the investigator failed to have the hair and accelerant found in the bag of bloody clothes tested);

(8) Five (E) (a violation of Smith's due-process rights occurred when trial counsel failed to object to the State offering the bloody clothes into evidence even though counsel had filed a motion to suppress such evidence which was not pursued)[2];

(9) Five (F) (a violation of Smith's due-process rights occurred when trial counsel failed to provide an affidavit concerning Beals' retaliation against Smith);

(10) Five (G) (a violation of Smith's due-process rights occurred when appellate counsel only raised one issue on appeal)[3];

(11) Five (I) (a violation of Smith's due-process rights occurred when the investigator erred by showing Willie McCotry a suggestive photograph of Smith during an interview);

(12) Eight (Smith was prejudiced by the emotional response of family members of the deceased in the audience when photographs of the deceased were shown at trial without warning); and

---

[1] The court has not construed the argument raised in Ground One (F) of the instant petition to be the same argument raised on direct appeal (that the trial court erred by not informing Smith of his rights as a *pro se* litigant under Uniform Rule of Circuit and County Court 8.05). *See Smith*, 221 So. 3d at 1051. .

[2] Mr. Smith instead raised the issue before the state appellate court of whether he received *ineffective assistance of counsel* due to his trial counsel's failure to object to the bloody clothes being offered into evidence even though counsel had filed a motion to suppress such evidence which he did not pursue. The court will address that issue below. *See* Ground One (C).

[3] Mr. Smith instead raised the issue before the state appellate court of whether he received *ineffective assistance of counsel* due to his appellate counsel's failure to only raise one issue on direct appeal. The court will address that issue below. *See* Ground One (E).

(13)      Nine (Smith's defense was prejudiced because he was forced to go to trial with an unwanted attorney).[4]

Mr. Smith has not presented these claims to the state's highest court, thus giving the state a fair opportunity to pass on it; as such, they are procedurally barred from federal *habeas corpus* review under *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995), and will be dismissed with prejudice.[5] *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In addition, Mr. Smith has not shown "cause" under the "cause and prejudice" test necessary for the court to decide the merits of these claims despite the procedural bar – as no external impediment prevented him from raising the claims as grounds for relief in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993). Nor will the court's decision to apply the bar result in a "fundamental miscarriage of justice," as he has not shown that, as a factual matter, … he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Hence, the court is procedurally barred from considering the merits of the petitioner's allegations in Grounds One (A)(2) (*only* as to Hunter and Rhines), One (A)(5), One (B), One (F), One (G), Five (A), Five (C), Five (E), Five (F), Five (G), Five (I), Eight, and Nine in the instant petition.

### Claims Procedurally Barred

The following grounds are procedurally barred[6] from review by this court, as the Mississippi

---

[4] The court has not construed the argument raised in Ground Nine of the instant petition to be the same argument raised by Smith's counsel on direct appeal (that the trial court erred by not informing Smith of his rights as a *pro se* litigant under Uniform Rule of Circuit and County Court 8.05). *See Smith*, 221 So. 3d at 1051.

[5] Although Smith raised various claims of ineffective assistance of counsel on state post-conviction review, each individual claim of ineffective assistance of counsel must be exhausted separately. *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001).

[6] The Mississippi Supreme Court did not specifically list which claims were procedurally barred from review; however, the court has determined which claims were not procedurally proper

Supreme Court held that they were barred from state review under Miss. Code Ann. § 99-39-21

(Exhibit B; SCR, Cause No. 2017-M-01108):

(1) Three (biological evidence exists that should be tested),

(2) Five (B) (a violation of Smith's due-process rights occurred when the investigator failed to photograph a defense wound on Smith's hand),

(3) Five (D) (a violation of Smith's due-process rights occurred when the investigator told Smith that he saw him on a video camera at the DHS which coerced Smith into stating that he had changed clothes since the night of the stabbing),

(4) Five (H) (a violation of Smith's due-process rights occurred when Smith was not informed that he could testify at his sentencing hearing);

(5) Six (the evidence was insufficient to support the verdict and the verdict was against the overwhelming weight of the evidence); and

(6) Seven (Smith was illegally held in custody because he was never served an arrest warrant.

The Mississippi Supreme Court found these claims to be procedurally barred under the "waiver" set

forth in Miss. Code Ann. § 99-39-21(1) because Mr. Smith could have raised them at an earlier

juncture, but did not.[7] Section 99-39-21(1) is an independent state procedural bar. *Stokes*, 123 F.3d at

860. The adequacy of the procedural bar applied to these state court issues depends upon "whether

Mississippi has strictly or regularly applied it." *Id.* As the petitioner, Mr. Smith "bears the burden of

showing that the state did not strictly or regularly follow a procedural bar around the time of his direct

appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims

_____

and thus subject to the bar.

[7] Section 99-39-21(1) reads:

Failure by a prisoner to raise objection, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

- 12 -

identical or similar to those raised by the petitioner himself." *Id.* He has not done so; as such, he has defaulted these federal claims in state court based upon an independent and adequate state procedural rule. *See Stokes*, 123 F.3d at 861.

Mr. Smith has not shown cause for his default, as he has not proved that "something *external* to [him], something that cannot fairly be attributed to him" prevented him from bringing his claims properly in state court. *Coleman*, 501 U.S. at 753. Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). He has offered nothing no proof showing "cause" for his state court default. As far as attorney error constituting such cause:

> the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). It is unclear whether Mr. Smith has properly raised a claim of ineffective assistance of counsel for failing to raise the claims found in Grounds Three, Five (D), and Seven in the state court (to preserve that claim as a possible basis for cause).[8] In any event, even if he had, the state court found that all of Mr. Smith's claims of ineffective assistance of counsel were without merit. As discussed below, the Mississippi Supreme Court found that his trial and appellate counsel were constitutionally effective. As such, Mr.

---

[8] In order to argue ineffective assistance of counsel as cause to overcome the procedural bar, Smith would have had to raise and exhaust, in his application for post-conviction relief, an independent claim of ineffective assistance of appellate counsel for failure to raise the claims in Grounds Three, Five (D), and Seven. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *see also Murray*, 477 U.S. at 488-89.

Smith has not established cause to overcome the procedural bar regarding his claims in Grounds Three, Five (B), Five (D), Five (H), Six, and Seven. In the absence of cause, the court need not consider the issue of actual prejudice. *Saahir v. Collins*, 956 F.2d 115 (5ᵗʰ Cir. 1992).

Neither has Mr. Smith shown that a fundamental miscarriage of justice would occur should the court apply the procedural bar, as he has not shown that, "as a factual matter, that he did not commit the crime of conviction." *Fairman*, 188 F.3d at 644. He has not presented new, reliable evidence that was not presented at trial to show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Indeed, Mr. Smith has produced no new evidence to meet this standard. As such, his claims in Grounds Three, Five (B), Five (D), Five (H), Six, and Seven of the instant petition must be dismissed under the doctrine of procedural bar.

### Ground Four: Barred Under the Holding in *Stone v. Powell*

Mr. Smith's Fourth Amendment claim in Ground Four is barred because the State provided "an opportunity for full and fair litigation" of that claim. *Stone v. Powell*, 428 U.S. 465 (1976). Under *Stone*, a petitioner "may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. The petitioner bears the burden to plead and prove the denial of a full and fair hearing in state court. *Davis v. Blackburn,* 803 F.2d 1371, 1372 (5ᵗʰ Cir. 1986); *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5ᵗʰ Cir. 2006).

Whether or not a petitioner succeeds on his Fourth Amendment claim, the opportunity, itself, to present the claim to the trial and appellate courts "constitutes 'an opportunity for full and fair consideration' of a defendant's fourth amendment claim under *Stone*," unless he can present "sufficient factual allegations and proof that the state process is 'routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits.'" *Smith v.*

- 14 -

*Maggio*, 664 F.2d 109, 111 (5th Cir. 1981). Mr. Smith has not offered proof that the process was

defective; as such, his allegations in Ground Four of the instant petition must be dismissed under

*Stone*.

### Grounds One (A)(1), One (A)(2) (*only* as to Booker), One (A)(3), One (A)(4), One (C), One (D), One (E), and Two: Considered on the Merits by the Mississippi Supreme Court

The Mississippi Supreme Court has already considered Grounds One (A)(1), One (A)(2)

(*only* as to Booker), One (A)(3), One (A)(4), One (C), One (D), One (E), and Two on the merits and

decided those issues against the petitioner; hence, these claims are barred from *habeas corpus*

review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they

meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris*

*v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to

questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's

claims challenge both the application of law and the finding of fact, this court must consider the

exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior

adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable*

*application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One (A)(1), One (A)(2) (*only* as to Booker), One (A)(3), One (A)(4), One (C), One (D), One (E), and Two of the instant petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Ineffective Assistance of Counsel

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove

that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011); *Premo v. Moore*, 131 S.Ct. 733 (2011).

**Grounds One (A)(1), One (A)(2) (*only* as to Booker), One (A)(3), and One (A)(4)**

In Grounds One (A)(1), One (A)(2) (*only* as to Booker), One (A)(3), and One (A)(4), Mr. Smith argues that trial counsel failed to properly investigate and call the following witnesses to testify at trial: Jernigan; Riles; Lyons; Booker; Hoskins; and Tillman. "Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what facts a witness might have provided are largely speculative. Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). For Mr. Smith "to prevail on an ineffective assistance

claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate

that the witness was available to testify and would have done so, set out the content of the witness's

proposed testimony, and show that the testimony would have been favorable to a particular defense."

*Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Mr. Smith has not, however, shown that these

witnesses were both *available* to testify and *would have done so*. Further, he has not shown how the

testimony of Jernigan, Riles, Lyons, and Booker would have aided his defense. As to Hoskins and

Tillman, it appears that Mr. Smith argues that these two witnesses could have discredited Ms. Beals'

trial testimony regarding events *following* the stabbing and prior to Smith's arrest. However, *many*

eyewitnesses testified at trial that Mr. Smith attacked the victim and was seen with a knife in his hand

immediately following the stabbing. SCR, Vol. 3, p. 139-43; SCR, Vol. 4, p. 155-57, 176-77, 181-82,

203-07, 220-22, 244-45, 247-51.

  In addition, to prove this claim, Mr. Smith must show a reasonable probability that, but for his

counsel's failure to investigate and call these witnesses to testify at trial, the jury would have had a

reasonable doubt concerning his guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). As

the State presented overwhelming evidence of Mr. Smith's guilt[9], he has not met this burden. As such,

---

[9] The evidence summarized in this footnote is only part of that introduced against Mr. Smith at trial, but gives a clear picture of the volume and weight of the evidence against him. Eight eyewitnesses (including one that Smith, himself, called) testified that he chased down the victim. SCR Vol. 3, p. 141 (Danny Banks); SCR Vol. 4, p. 155 (Willie McCotry); SCR Vol. 4, p. 164 (Shaekima Edwards Baskin); SCR Vol. 4, p. 182 (Ruby Anne Coggins); SCR Vol. 4 p. 205; (Doris Brown); SCR Vol. 4, p. 220 (Richard Petty); SCR Vol. 4, p. 262 (Kywanna Johnson); SCR Vol. 6, p. 501 (Lisa Jackson). Several of the witnesses testified that Smith had a knife. SCR Vol. 3, p. 142 (Danny Banks); SCR Vol. 4, p. 155 (Willie McCotry); SCR Vol. 4, p. 166 (Shaekima Edwards Baskin); SCR Vol. 4, p. 222 (Richard Petty). Some witnesses heard Smith threaten to kill the victim (for bumping into him several times at the club). SCR Vol. 4, p. 155 (Willie McCotry); SCR Vol. 4, p. 164 (Shaekima Edwards Baskin); SCR Vol. 4, p. 182 (Ruby Anne Coggins). Others testified that, as Smith chased the victim, he said that he was tired of people disrespecting him. SCR Vol. 4, p. 156 (Willie McCotry); SCR Vol. 4, p. 214 (Doris Brown); SCR Vol. 4, p. 247, 251 (Kywanna Johnson). Even after being dragged away, Smith said to let him go, that he wanted to go back inside to kill the victim. SCR Vol. 4, p. 182

Mr. Smith has shown neither deficiency nor prejudice in his trial counsel's actions regarding these claims of ineffective assistance of counsel. The Mississippi Supreme Court concluded on post-conviction review that his claim that trial counsel rendered ineffective assistance failed to meet the standard set out in *Strickland*. The state court's decision was a reasonable application of federal law as established by the United States Supreme Court in *Strickland*, and Mr. Smith's claims in Grounds One (A)(1), One (A)(2) (*only* as to Booker), One (A)(3), and One (A)(4) regarding these witnesses will be denied.

### Ground One (C): Failure to Pursue Motion to Suppress and Object at Trial

In Ground One (C), Mr. Smith argues that trial counsel rendered ineffective assistance by failing to pursue a previously-filed motion to suppress a bag of bloody clothes – and by failing to object to the State's offer of such clothes into evidence at trial. The clothes were recovered from a place outside an empty house where Vanessa Beals used to collect used clothes for tornado victims. SCR Vol. 4, p. 274, 281-282. It is unclear from the record who owned the home, but Mr. Smith never claimed ownership or any claim that he had an expectation of privacy in the home or in the area outside the home.

The record reflects that defense counsel indeed filed a pretrial motion to suppress evidence of a bag with Smith's bloody clothes because Vanessa Beals led law enforcement officers to the evidence but had no right to access the property where the clothes were located – and because the officers had no search warrant or consent from the rightful owner to enter the premises in order to confiscate such

---

(Ruby Anne Coggins). He fled to his girlfriend's house, and she saw him covered in blood. SCR p. 266 (Vanessa Beals). He told her that he messed up, hurt someone badly, and was going to jail. SCR p. 266-267 (Vanessa Beals). He told his girlfriend that, since he was going to jail, anyway, he might as well take out everyone who had done him wrong. *Id.* at 268. Smith fled the scene. SCR Vol. 5, p. 336; SCR Vol. 5, p. 449-450.

clothes. SCR, Cause No. 2015-KA-00812-COA, Vol. 1, p. 49-50. Defense counsel did not pursue this motion.

Mr. Smith has not shown that, had his trial counsel pursued this pretrial motion to suppress or objected to the State's offer of the clothes into evidence that counsel would have succeeded in preventing the introduction of the evidence. He has not shown that he had a reasonable expectation of privacy in the property where the bag of bloody clothes was located. SCR, Vol. 4, p. 269, 273-77, 280-82; Vol. 5, p. 339-40, 397, 419-26, 448, Vol. 6, p. 473-77. "The proponent of a motion to suppress has the burden of establishing that *his own* Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois,* 439 U.S. 128, 130 n. 1 (1978) (emphasis added); *see also Lyons v. State*, 942 So. 2d 247, 250 (Miss. Ct. App. 2006). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Lyons*, 942 So. 2d at 250. As Mr. Smith has not shown that he had a reasonable expectation of privacy in the property where the bag of bloody clothes was found, he lacked standing to contest the search or the admission of evidence obtained as a result of the search on this basis. *See e.g., id.* Although defense counsel initially filed a motion to suppress the bag of bloody clothes, given the controlling authority on the issue, counsel's decision to abandon the motion was reasonable. As such, Mr. Smith has not shown that counsel's decision to abandon the motion constituted deficient representation.

In addition, given the overwhelming evidence against Mr. Smith (as set forth above), he has not shown that "but for" counsel's alleged errors, the result of the proceedings would have been different. For these reasons, the Mississippi Supreme Court's holding that Mr. Smith's claims of ineffective assistance of counsel failed to meet the standard set out in *Strickland* was neither contrary to nor an unreasonable application of clearly established federal law, and he is not entitled to *habeas*

- 20 -

*corpus* relief as to his claims Ground One (C).

### Ground One (D): Failure of Counsel to "Testify"

In Ground One (D), Mr. Smith argues that his trial counsel rendered ineffective assistance because counsel did not "testify" at trial that he had previously presided over a case involving Hoskins and Vanessa Beals, one of the State's witnesses, while serving as city judge. In that case, Ms. Beals testified that she and Smith had been in a relationship, but Smith had a girlfriend who killed Beals' dog – and tried to run over her and him with a truck. Mr. Smith argues that trial counsel knew that Ms. Beals testified against Smith at his murder trial in retaliation for the events discussed in his previous court case.

This claim is without substantive merit. Although it appears that Mr. Smith's trial counsel did once serve as a city judge, *see* SCR, Cause No. 2015-KA-00812-COA, Vol. 3, p. 26, 42, Smith has offered nothing to show that his trial counsel presided over a case involving Hoskins and Beals while serving in such capacity. Further, Mr. Smith has not shown that Beals testified at his murder trial in retaliation or that his counsel was aware of such motive behind Beals' testimony. In fact, Mr. Smith cross-examined Beals regarding whether she was testifying as retaliation against him, and she answered "No," explaining that she was trying to convince him to turn himself in – and, in any event, Mr. Smith was not the one who killed her dog.[10] SCR, Vol. 4, p. 279-80, 295. Smith has neither shown that his counsel was deficient on the basis of this alleged error, nor that he suffered prejudice as a result. The Mississippi Supreme Court concluded on post-conviction review that Smith's claim that his trial counsel rendered ineffective assistance failed to meet the standard set out in *Strickland.* The

---

[10] Mr. Smith represented himself alongside his trial counsel by delivering the opening statement and examining some of the witnesses.

state court's decision was a reasonable application of federal law as established by the United States Supreme Court in *Strickland*. The claim for relief in Ground One (D) will be denied.

### Ground One (E): Ineffectiveness of Appellate Counsel

Finally Mr. Smith argues in Ground One (E) that his appellate counsel was constitutionally ineffective for raising only a single issue on appeal: that the trial court erred in failing to properly notify Smith of the significant risks he faced in representing himself. Appellate counsel has broad discretion in deciding which issues are more likely to succeed on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "[I]t is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome.")) Further, "[t]his process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986).

Mr. Smith argues that appellate counsel should have raised more than one issue on direct appeal. However, he has not shown what other issues counsel might have raised – or how arguing those issues might have resulted in a vacation or reversal of his conviction or sentence. As such, Mr. Smith has shown neither that his appellate counsel was deficient for arguing a single issue on direct appeal, nor that he suffered prejudice as a result of this alleged error. The Mississippi Supreme Court concluded on post-conviction review that Mr. Smith's claim that appellate counsel rendered ineffective assistance failed to meet the *Strickland* standard. As discussed above, the state court's decision was a reasonable application of federal law as established by the United States Supreme

- 22 -

Court in *Strickland*.  As such, the petitioner's claims in Ground One (E) of the instant petition will be denied.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied.

A final judgment consistent with this memorandum opinion will issue today.**SO ORDERED**, this, the __21ˢᵗ__ day of September, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE